MARIA BURKHARDT, ADMINISTRATRIX AD PROSEQUEN-
DUM, ET AL., PLAINTIFFS, v. EDWARD WHALEN ET
AL., DEFENDANTS.

Decided July 15, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the rule, *George F. Seymour, Jr.*

*Contra, David C. Cole.*

PER CURIAM.

The plaintiff's decedent, George Burkhardt, was driving
along a public highway in the township of Caldwell, in
Essex county, in company with his sister Elizabeth. At the
intersection of that road with state highway No. 12, he was
run into by a taxicab driven by one of the defendants
and owned by the others. George Burkhardt was killed
in the collision and his sister was quite seriously injured.
The present suit was brought under the Death act to recover
compensation for the loss sustained by George Burkhardt's
next of kin resulting from his death, and also for injuries
received in the collision by Elizabeth Burkhardt. The trial
resulted in verdicts in favor of the plaintiff as administra-
trix *ad prosequendum* and in favor of Elizabeth Burkhardt
for the injuries suffered by her.

The principal ground upon which we are asked to set aside
these verdicts is that the collision was due in part to the
negligence of George Burkhardt and not of the driver of

the defendants' taxicab, and that the finding of the jury to the contrary is against the clear weight of the evidence.

If the testimony submitted on the part of the plaintiffs is to be believed, the collision was the result solely of the recklessness of the defendants' driver; if, on the other hand, the testimony submitted on the part of the defendants truly describes the conditions under which the accident happened, they were not in anywise responsible for the collision. The jury saw and heard the witnesses. They believed the testimony submitted by the plaintiffs. There is nothing in the case to justify the conclusion that they erred in doing so, and we cannot, therefore, say that the verdicts are against the weight of the evidence.

It is further urged as a reason for making the rule absolute, that the verdict is contrary to the charge of the court. It is enough to say in disposing of this contention, that the court properly charged the jury on the questions of liability and damages; and that the verdict was in harmony with those instructions.

Counsel for defendants further argues that the present rule should be made absolute for the reason that the trial judge erred in the charge to the jury with reference to the bearing of the mortality tables on the question of the extent of defendants' liability for the death of George Burkhardt. Our examination of this portion of the charge leads us to the conclusion that this ground also is without merit.

Lastly, it is urged that a new trial should be ordered because of the fact, as counsel claims, that the court erred in refusing defendants' motion to nonsuit and in refusing the motion to direct a verdict. These motions were based upon the theory that there was no evidence of any negligence on the part of the driver of the defendants' taxicab which was a producing cause of the accident. What has already been stated with relation to the contention that the verdict is contrary to the evidence is dispositive of these two matters.

The rule to show cause will be discharged.